IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| SARA PLAIN FEATHER,<br><br>Plaintiff,<br><br>vs.<br><br>ANTHONY PREITE, et al.,<br><br>Defendants. | Cause No. CV 10-00070-BLG-RFC-CSO<br><br>ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT |

Pending is Plaintiff Sara Plain Feather's Motion for Leave to Proceed in Forma Pauperis (Court Doc. 1) and proposed Complaint. (Court Doc. 2).

Based upon the sua sponte screening required by 28 U.S.C. § 1915(e)(2), the Court will grant the motion to proceed in forma pauperis and recommend the dismissal of the Complaint for failure to file within the applicable statute of limitations.

## I.  MOTION TO PROCEED IN FORMA PAUPERIS

Plain Feather submitted the form Motion to Proceed in Forma

Pauperis indicating she is unemployed and does not appear to have any income. The Court finds this application to be sufficient to make the showing required by 28 U.S.C. § 1915(a). Because it appears Plain Feather lacks sufficient funds to prosecute this action, the Motion to Proceed in Forma Pauperis will be granted.

The Complaint shall be deemed filed as of the date that the Motion to Proceed in Forma Pauperis was filed and the proposed Complaint delivered to the Clerk of Court. See Loya v. Desert Sands Unified Sch. Dist., 721 F.2d 279, 280-81 (9th Cir. 1983); see also U.S. v. Dae Rim Fishery Co., 794 F.2d 1392, 1395 (9th Cir. 1986) (concluding complaint constructively filed when delivered to clerk of court).

## II. SUA SPONTE SCREENING PER 28 U.S.C. § 1915(e)(2)

### A. Standard

A complaint filed by any person proceeding in forma pauperis pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and sua sponte review and dismissal by the Court to the extent the claims are frivolous, malicious, fail to state a claim upon which relief may be

granted, or seek monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2); Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc). Prior to its amendment in 1996 by the Prison Litigation Reform Act, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. Lopez, 203 F.3d at 1130. The revised 28 U.S.C. § 1915(e)(2), however, mandates that the Court review a complaint filed pursuant to the forma pauperis provisions of section 1915 and make and rule on its own motion to dismiss before directing service of the complaint. Lopez, 203 F.3d at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the

"grounds" of his "entitlement to relief."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) (quotation omitted).

### B.  Parties

Plaintiff Sara Plain Feather resides in Pryor, Montana.

Plain Feather has named the following Defendants:  Anthony Preite, Bruce Brensdal, Maureen Martin, Roger Pederson, George Warn, Valerie Short, Debbie Morrison, Marty Tuttle, Laura Morrison, Lucy Brown, and Thoms Bone.  All Defendants are employees of the Montana Department of Commerce.

### C.  Allegations

Plain Feather alleges civil rights violations, human rights violations and violations of the Administrative Procedures Act. She states that the dates of the incidents giving rise to her claims was 2001, 2002, and 2003.

Plain Feather states she was enrolled in the Section 8 Housing Program.  She states an annual inspection was to take place on August

20, 2001. Plain Feather alleges she sent her reported income to the Housing Authority and it was stamped received on July 30, 2001. Although her complaint is not entirely clear, she seems to contend that Defendants stated that she never reported her income but that she gave them authority to get her income from the Department of Human Services.

Plain Feather contends Defendants did not do their duty by not checking on her history which she authorized by signing a 9886 form.

### D. Analysis

Where the running of the statute of limitations is apparent on the face of the complaint, dismissal for failure to state a claim is proper. See Franklin v. Murphy, 745 F.2d 1221, 1228-30 (9th Cir. 1984), citing Haines v. Kerner, 404 U.S. 519 (1972).

The United States Supreme Court in the matter of Wilson v. Garcia, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985) (later overruled only as to claims brought under the Securities Exchange Act of 1934, not applicable here), determined that the applicable statute of

limitations for claims filed pursuant to 42 U.S.C. § 1983 is the state statute of limitations governing personal injury actions. In Montana, that period is three years after the action accrues. Mont. Code. Ann. § 27-2-204(1).

While state law determines the applicable statute of limitations in a civil rights action, federal law determines when a cause of action accrues, and when the applicable limitations period begins to run. See Maldonado v. Harris, 370 F.3d 945, 955 (9th Cir. 2004); Bagley v. CMC Real Estate Corp., 923 F.2d 758, 760 (9th Cir. 1991), cert. denied, 502 U.S. 1091, 112 S.Ct. 1161, 117 L.Ed.2d 409 (1992); Briley v. State of Cal., 564 F.2d 849, 854-55 (9th Cir. 1977). A cause of action accrues under federal law when a plaintiff knows or has reason to know of the injury which is the basis of this action. TwoRivers v. Lewis, 174 F.3d 987 (9th Cir. 1999); Cabrera v. City of Huntington Park, 159 F.3d 374, 379-80 (9th Cir. 1998). "The general rule in tort law is that the claim accrues at the time of the plaintiff's injury." Davis v. United States, 642 F.2d 328, 330 (9th Cir. 1981), cert. denied, 455 U.S. 919, 102 S.Ct. 1273,

71 L.Ed.2d 459 (1982).

Plain Feather states the dates of the incidents at issue were in 2001, 2002, and 2003.  She further explains that she lost her housing due to an annual inspection in 2001.  Plain Feather did not file her Complaint until June 16, 2010, nearly nine years after that review. Her claims are barred by the applicable statute of limitations.

## III.  CONCLUSION

### A.  Leave to Amend

For the reasons set forth above, Plain Feather's claims are barred by the applicable statute of limitations.  This is not a defect which could be cured by the allegation of other facts.  As such, Plain Feather's Complaint should be dismissed.

### B.  Certification Regarding Appeal

The Federal Rules of Appellate Procedure provide as follows:

> A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
>     (A) the district court-before or after the notice of appeal

>is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed.R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."  The good faith standard is an objective one.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous."  Gardner v. Pogue, 558 F.2d 548, 551 (9th Cir. 1977) (quoting Coppedge, 369 U.S. at 445).  For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact.  Neitzke, 490 U.S. at 325, 327; Franklin, 745 F.2d at 1225.  "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit."  Walker v. O'Brien, 216 F.3d 626, 631 (7th Cir. 2000).

The failure to file within the applicable statute of limitations is so clear that no reasonable person could suppose an appeal would have

merit.  Therefore, the Court should certify that any appeal of this matter would not be taken in good faith.

### C. Address Changes

At all times during the pendency of this action, Plain Feather SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date.  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."  The notice shall contain only information pertaining to the change of address and its effective date.  The notice shall not include any motions for any other relief.  Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Based upon the foregoing, the Court issues the following:

### ORDER

1.  Plain Feather's Motion to Proceed in Forma Pauperis (Court Doc. 1) is **GRANTED**.  The Clerk of Court shall waive prepayment of the filing fee.

2.  The Clerk shall edit the text of the docket entry for the

ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND
FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
TO DISMISS COMPLAINT – CV-10-00070-BLG-RFC-CSO/ PAGE 9

Complaint to remove the word "LODGED" and the Complaint is **DEEMED FILED** on June 16, 2010.

Further, the Court issues the following:

## RECOMMENDATION

1. Plain Feather's Complaint (Court Doc. 2) should be **DISMISSED WITH PREJUDICE** for failure to file within the applicable statute of limitations.

2. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith. The record makes plain there is no federal subject matter jurisdiction.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Plain Feather may serve and

file written objections to this Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing.  Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

    A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

    This Order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.Civ.P. 4(a)(1), should not be filed until entry of the District Court's final judgment.

    DATED this 6th day of July, 2010.

    /s/ *Carolyn S. Ostby*
United States Magistrate Judge

ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT – CV-10-00070-BLG-RFC-CSO/ PAGE 11